UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL OVERTON,

        Petitioner,

v.                                                CASE NO. 05-CV-71117-DT
                                                  HONORABLE PATRICK J. DUGGAN

HUGH WOLFENBARGER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION
FOR A WRIT OF HABEAS CORPUS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 1, 2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

Michael Overton ("Petitioner"), a state prisoner currently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being held in violation of his constitutional rights. Petitioner was convicted of drug and weapons charges following a bench trial in the Wayne County Circuit Court in 2002. In his habeas application, Petitioner raises claims concerning double jeopardy, the basis for his felony firearm conviction, and sentencing credit. For the reasons stated below, the petition for a

writ of habeas corpus is denied.

## I.  Facts and Procedural History

Petitioner's convictions arise from a police raid on his mother's apartment on June 23, 2001, following a surveillance during which police officers observed Petitioner participating in a drug transaction on the porch of the residence.  During the search, the police recovered from Petitioner's person six baggies of cocaine, 20 papers of heroin, two baggies of marijuana, a pistol, and $2,000.00.  Police also recovered 280 baggies of cocaine, two bags containing chunks of cocaine, 170 papers of heroin, three baggies of marijuana, a handgun, and a digital scale from a bed in the apartment, as well as a 22-caliber rifle from the bedroom closet.  Petitioner's defense at trial was that he did not live at the apartment and was not liable for the items recovered therein.

Following a bench trial, the trial court convicted Petitioner of possession with intent to deliver less than 50 grams of cocaine, possession with intent to deliver more than 50 but less than 225 grams of marijuana, felon in possession of a firearm, and possession of a firearm during the commission of a felony.  On January 14, 2003, the trial court sentenced Petitioner to 38 months to 20 years imprisonment on the cocaine conviction, two to four years imprisonment on the marijuana conviction, three to five years imprisonment on the felon in possession conviction, and two years imprisonment on the felony firearm conviction.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, raising the following claims through counsel:

I.  Petitioner was denied a fair trial and due process of law when the prosecutor introduced testimony of highly prejudicial but minimally relevant evidence of guns not associated with him.

II.  Petitioner was denied his right to effective assistance of counsel when his attorney failed to object to the introduction of highly prejudicial but minimally relevant evidence of guns not associated with him.

III.  Petitioner's judgment of sentence must be amended because his sentence for felony firearm was erroneously imposed consecutively to his conviction for felon in possession.

IV.  Petitioner's amended sentence is invalid where the trial court, in response to a letter from the Department of Corrections, ran the minimum term of Petitioner's sentences consecutive to any sentence he was serving while on parole without a hearing in violation of his due process rights.

Petitioner also filed a *pro se* supplemental brief raising the following claims:

I.  The trial judge abused his discretion when he made a critical mistake of law at the sentencing hearing, denying Petitioner his state and federal rights to due process of law under the Fifth and Fourteenth Amendments of the United States and Michigan Constitutions.

   A.  The sentencing judge made an error of law when he sentenced Petitioner consecutively regarding the felony firearm conviction.

II.  Petitioner was denied his state and federal constitutional right to due process when the sentencing judge failed to give him credit for time served.

III.  Petitioner was denied his state and federal constitutional rights to equal protection, due process, and effective assistance of appellate counsel during his appeal of right, violating the Sixth and Fourteenth Amendments of the United States and Michigan Constitutions.

The Michigan Court of Appeals affirmed Petitioner's convictions, but remanded the case

3

to the trial court for clarifications and corrections of the record and judgment of sentence. *People v. Overton*, No. 246929, 2004 WL 1335799 (Mich. Ct. App. June 15, 2004).[1]

Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, as well as a Fourth Amendment "knock and announce" claim, which was denied in a standard order. *People v. Overton*, 472 Mich. 861, 692 N.W.2d 386 (2005).

Petitioner thereafter filed the present habeas petition, asserting the following claims:

> I. First my ground is listed, this one is, it's dealing with ground G conviction obtained by violation of protection against double jeopardy. At the first trial, the judge found me not guilty of a felony, but at the second trial for sentencing he sentenced me as if he had found me guilty of a felony. I was charged with possession with intent to deliver marijuana, but was found guilty of just possession of marijuana which is a misdemeanor.
>
> II. The trial court erred when he imposed a consecutive 2 years for the felony firearm when he had no underlying felony he found me not guilty of count I and count II. He did find me guilty of count III, but count III was just delivery of heroin, he said it was possession with the intent to deliver cocaine. He erred, and if you use delivery of heroin less than 50 grams, you still have nothing to support the felony firearm conviction. You can't use the marijuana conviction because that's supposed to be a misdemeanor.
>
> III. Please see copy of *People v. Miller*, 182 Mich App 692, it's in the brief EX-A Standard 11, according to what I believe I'm entitled to credit time for when my parole got reinstated, on October 22, 2002.

---

[1] The trial court issued an amended judgment of sentence pursuant to the remand order on June 30, 2006.

> I got sentenced on January 14, 2003. During that period of time, I couldn't get out on bond because it was 60,000.00 cash, not because of a parole hold, because it was lifted, the detainer. Also see order of warrant revocation, a copy of that is also in my supplemental brief, that I have sent to the Michigan Court of Appeals and Michigan Supreme Court.

Respondent has filed an answer to the petition contending that it should be denied because Petitioner's claims are not cognizable upon habeas review and/or lack merit.

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under Section 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409, 120 S. Ct. at 1521. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411, 120 S. Ct. at 1522. "Rather, it is the habeas applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S. Ct. 357, 360 (2002).

### III. Analysis

#### A. Double Jeopardy

Petitioner first asserts that he is entitled to habeas relief because his sentence for possession with intent to deliver marijuana, a felony, violates double jeopardy because the trial court only found him guilty of possession of marijuana, a misdemeanor. The Fifth Amendment to the United States Constitution commands that no "person be subject for

the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Double Jeopardy Clause, which is applicable to the States through the Due Process Clause of the Fourteenth Amendment, *see Benton v. Maryland*, 395 U.S. 784, 794, 89 S. Ct. 2056, 2062 (1969), provides three basic protections: "[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076 (1969) (internal footnotes omitted). "These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense." *Shiro v. Farley*, 510 U.S. 222, 229, 114 S. Ct. 783, 789 (1994) (citing *United States v. Wilson*, 420 U.S. 332, 339 (1975)).

The Michigan Court of Appeals rejected Petitioner's double jeopardy claim, finding that although the trial court erroneously stated that Petitioner was convicted of simple possession of marijuana, a misdemeanor, MICH. COMP. LAWS ANN. § 333.7403(2)(d), the record reflected that Petitioner was charged, convicted, and sentenced for possession with intent to deliver marijuana, a felony, MICH. COMP. LAWS ANN.§ 333.7401(2)(d)(iii); MICH. COMP. LAWS ANN. § 777.13. *See Overton*, 2004 WL 1335799, at *3.[2] The Michigan Court of Appeals' factual determination is presumed to

---

[2]The Michigan Court of Appeals directed the trial court on remand to *inter alia* properly list Petitioner's conviction as possession with intent to deliver marijuana. The amended judgment of sentence still indicates that Petitioner was convicted of "poss marijuana" but cites the Michigan statutory provision for possession with intent to distribute, Mich. Comp. L. § 333.7401(2)(d)(iii).

be correct. *See* 28 U.S.C. § 2254(e)(1). Under the AEDPA, a state court's factual findings are presumed correct upon habeas review. *See id*. "This statutory presumption of correctness extends to factual findings made by state appellate courts on the basis of their review of trial court records." *See Hardaway v. Withrow*, 305 F.3d 558, 563 (6th Cir. 2002) (citing cases). Petitioner has failed to rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

Furthermore, having reviewed the record, the Court agrees with the Michigan Court of Appeals' determination and finds that it is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. Notwithstanding the trial court's erroneous statement when stating his findings at the conclusion of the bench trial, the state court record as a whole indicates that Petitioner was charged, convicted, and sentenced for the felony crime of possession with intent to deliver marijuana. *See* 10/3/02 Trial Tr. at 98-99 & 1/14/03 Sentencing Tr. at 7. This Court therefore concludes that no double jeopardy violation occurred in Petitioner's case and that he is not entitled to habeas relief based on this claim.

### B. Felony Firearm Conviction

Petitioner next asserts that he is entitled to habeas relief because the trial court erred in finding him guilty of felony firearm without finding him guilty of an underlying felony. Petitioner bases this claim on his argument that the marijuana conviction was a misdemeanor rather than a felony. The Michigan Court of Appeals denied relief on this claim based upon its determination that Petitioner was, in fact, convicted on the felony charge of possession with intent to deliver marijuana. *See Overton*, 2004 WL 1335799, at *4. Given this Court's similar determination, the Court finds that this claim has no basis in fact and does not warrant Petitioner federal habeas relief.

### C. Sentencing Credit

Lastly, Petitioner asserts that he is entitled to habeas relief because the trial court failed to award him a sentencing credit for the time he was incarcerated prior to trial. A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes, however, is a matter of state concern only.[3] *See Howard v. White*, 76 Fed. Appx. 52, 53, 2003 WL 22146139, *2 (6th Cir. 2003) (citing *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) and *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)). It is well-settled that state law issues are not cognizable on federal habeas review. *See Estelle*

---

[3] However the Court notes that, under Michigan law, when a parolee is arrested for a new criminal offense, he is held on a parole detainer until he is convicted of that offense and is not entitled to credit for time served in jail on the sentence for the new offense. *See* MICH. COMP. LAWS ANN. § 791.238(2); *People v. Stewart*, 203 Mich. App. 432, 433, 513 N.W.2d 147 (1994). According to the transcript from Petitioner's sentencing, he was on parole when he committed the offenses at issues in this case. *See* 1/14/03 Tr. at 5 & 7. Accordingly, the trial court's failure to credit Petitioner's sentence was in keeping with Michigan law.

*v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991); *Draughn v. Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992) (holding that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedure). The Court therefore concludes that Petitioner is not entitled to habeas relief on this claim.

### IV.  Conclusion

For the reasons stated above, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented. Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.


    s/PATRICK J. DUGGAN
    UNITED STATES DISTRICT JUDGE

Copies to:

Michael Overton, #179349
Baraga Maximum Correctional Facility
301 Wadaga Road
Baraga, MI 49908

Raina I. Korbakis, Esq.